IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRANDON HICKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:26-CV-968-RP |
| | § | |
| KEN PAXTON, *in his official capacity as Attorney General of Texas*, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff Brandon Hicks' ("Plaintiff") Motion to Alter or Amend Judgment, or, In the Alternative Motion for Relief of Judgment, (Dkt. 10).[1] Having reviewed Plaintiff's brief, the record, and the applicable law, the Court issues the following order.

## I. BACKGROUND

On May 20, 2026, United States Magistrate Judge Mark Lane issued his report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (R. & R., Dkt. 5). Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

---

[1] This Order also considers Plaintiff's duplicative Motion to Alter or Amend Judgment, or in the Alternative, Motion for Relief from Judgment, (Dkt. 11).

Plaintiff received the report and recommendation, (Dkt. 5), on May 29, 2026. (Certified Mail Receipt, Dkt. 6). Accordingly, Plaintiff's Objections were due on or before June 12, 2026. On June 30, 2026, the Court reviewed the report and recommendation and adopted it as its own order. (Dkt. 7). Plaintiff's Objections were filed with this Court on June 29, 2026, and entered on June 30, 2026, after the Court had already issued its Order. (Dkt. 9). Even accounting for the time needed to mail his Objections to this Court from College Park, Georgia, where Plaintiff lives, Plaintiff's objections were still seventeen days late. At the time when the Court reviewed the report and recommendation—after over fourteen days had passed since its issuance, Plaintiff's Objections had not yet reached the Court. Regardless, given the present Motion before the Court, and the fact that Plaintiff's Objections were dated June 6, 2026, (Dkt. 9, at 5), the Court will review and address Plaintiff's Objections.

Briefly, the Magistrate Judge concluded the following in his report and recommendation: Plaintiff brought a claim under 42 U.S.C. § 1983 for violations of his due process rights in connection with a child support lien against him. (R. & R., Dkt. 5, at 3). Based on the issuance of the lien, Plaintiff sought declaratory judgment stating that the procedures Defendants Ken Paxton, in his official capacity, and Amanda Estrada, an authorized agent of the Texas Office of the Attorney General Child Support Division, in her individual capacity (together, "Defendants") undertook to enforce child-support liens violate the Fourteenth Amendment; injunctive relief requiring Defendants to implement constitutionally adequate notice and meaningful opportunity to be heard; and compensatory and punitive damages against Defendant Amanda Estrada. (*Id.*). Plaintiff previously brought a substantially similar suit against the Office of the Attorney General Child Support Division, Amanda Estrada, and John and Jane Doe. (*Id.*). In this prior case, Plaintiff's claims for injunctive relief were dismissed under the *Rooker-Feldman* abstention doctrine and his claims for damages were dismissed for failure to exhaust state remedies. (*Id.*). That court dismissed his claims

without prejudice. (*Id.* at 4). In Plaintiff's Complaint before the Court now, the Magistrate Judge found that Plaintiff "made no reference to any attempt to utilize the state review procedures available to him." (*Id.*). Accordingly, "because [Plaintiff] has now been given the opportunity to utilize state procedures for administrative review and failed to do so," the Magistrate Judge recommended this Court dismiss Plaintiff's claims with prejudice. (*Id.*).

## II. DISCUSSION

Treating Plaintiff's late-filed Objections as properly before the Court, the Court overrules Plaintiff's Objections to the Court's dismissal of his Complaint with prejudice for the reasons described in the Magistrate Judge's report and recommendation, as reiterated above. Plaintiff has already had the opportunity to re-plead his case after the court in his previous case dismissed his complaint without prejudice. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) (holding that if a plaintiff has had a fair opportunity to make his best case and has not done so, the court should dismiss the complaint with prejudice).

Finally, regarding the Motion at issue before the Court presently, the Court construes the Motion as a motion to alter or amend the judgment filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). It is not the proper vehicle to raise arguments which could, and should, have been made before the judgment issued. *Id.* The Court does not find good cause to vacate its previous judgment because Plaintiff's proposed new evidence is not a basis for doing so. The Fifth Circuit has held that a court should never grant a Rule 59(e) motion to reconsider where the new evidence (1) would not change the outcome of the case; (2) could have been discovered earlier by proper diligence; and (3) is merely cumulative or impeaching. *Infusion Res. Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003). Here, the Court does not find that

3

Plaintiff's proposed new evidence would change the outcome of the case nor that it is clear that the evidence could not have been discovered earlier by proper diligence. Especially given that "[a]ltering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly," the Court will deny Plaintiff's motion. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Alter or Amend Judgment, or, In the Alternative Motion for Relief of Judgment, (Dkt. 10) is **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff's Duplicative Motion to Alter or Amend Judgment, or, In the Alternative Motion for Relief of Judgment, (Dkt. 11), is also **DENIED**. **IT IS FINALLY ORDERED** that the Clerk's Office mail a copy of this Order to Plaintiff via certified mail.

**SIGNED** on July 14, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE